**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>A&A AUTO IMPORTS, LLC,<br><br>Defendant. | ) | NO. _______________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Hallmark Specialty Insurance Company ("Hallmark"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure files this Complaint for Declaratory Judgment showing the Court as follows:

**PARTIES AND JURISDICTIONAL ALLEGATIONS**

1. Plaintiff Hallmark is an insurance company incorporated under the laws of the State of Oklahoma, with its principal place of business in Texas. Hallmark is therefore a citizen of the States of Oklahoma and Texas for purposes of diversity jurisdiction.

2. Defendant A&A Auto Imports, LLC ("A&A") is a limited liability company organized under the laws of the State of Alabama. Upon information and belief, all members of A&A are individual citizens of the State of Alabama. The citizenship of A&A for purposes of diversity jurisdiction is, therefore, Alabama.

3. This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 because the cost of providing a defense in the Underlying Lawsuit (defined below), as well as the potential indemnity obligations under the Policy (defined below), exceeds the sum of $75,000.00 (see Paragraphs 9 and 15, *infra*). Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant A&A resides in this District and a substantial part of the events giving rise to this action occurred in this District, including the Accident (defined below), which occurred in Eufaula, Barbour County, Alabama, within the Northern Division of this District.

## UNDERLYING CLAIM

5. Hallmark insured A&A under Auto Dealers Coverage Form Policy No. 76GA000307353-0 (the "Policy") for the period June 30, 2021 to June 30, 2022. A certified copy of the Policy (with premium information redacted) is attached to this Complaint as Exhibit 1. All provisions of the Policy are adopted and incorporated herein by reference. A&A was not insured by Hallmark under any policy other than the Policy, including for any period after June 30, 2022.

6. On May 11, 2024, Aaliyah Shanell Riley ("Riley") was driving a 2021 Chevrolet Malibu LT, VIN 1G1ZD5ST2MF023369 (the "Vehicle"), in the parking lot of a Walmart Supercenter in Eufaula, Barbour County, Alabama, when the driver's side airbag detonated and struck Riley with metal and plastic shrapnel (the "Accident").

7. A&A sold the Vehicle to Riley on or about June 16, 2022. Riley alleges the Vehicle had previously been involved in a collision on January 10, 2022, after which its driver's side airbag was replaced with components that were non-compliant with the manufacturer's requirements, and A&A did not disclose this history to Riley at the time of sale.

8. On September 12, 2024, Riley filed suit against A&A in the Circuit Court of Barbour County, Alabama, styled Aaliyah Shanell Riley v. A&A Auto Imports, LLC, Civil Action No. 69-CV-2024-900058.00 (the "Underlying Lawsuit"), asserting claims against A&A for negligence and under the Alabama Extended Manufacturer's Liability Doctrine arising out of the Accident and further alleging that the wrongful conduct of fictitious defendants combined and concurred with A&A's conduct to cause Riley's injuries.

9. Riley's Complaint in the Underlying Lawsuit alleges that, as a result of the Accident, she incurred physical pain and suffering, mental pain and anguish, medical expenses, loss of enjoyment of life, and lost wages, and demands judgment against A&A for compensatory and punitive damages, together with costs.

10. A&A was served with the Underlying Lawsuit in October 2024. On or about February 6, 2026, a letter from A&A's owner, Marcus Allen, generally denying the claims against A&A was filed with the court; the letter was not filed by counsel and does not, on its face, constitute a pleaded Answer under the Alabama Rules of Civil Procedure.

11. Hallmark did not receive notice of the Accident or the Underlying Lawsuit until on or about July 2, 2026, approximately twenty-six months after the Accident and twenty-two months after the Underlying Lawsuit was filed.

12. Hallmark agreed to defend A&A in the Underlying Lawsuit under a reservation of rights.

## POLICY PROVISIONS

13. The Policy provides commercial automobile liability coverage under the "Auto Dealers Coverage Form" [CA 00 25 10 13].

14. The Auto Dealers Coverage Form provides, in relevant part:

**SECTION I – COVERED AUTOS COVERAGES**

**D. Covered Autos Liability Coverage**

**1. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

* * * *

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered "Autos" Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

* * * *

15. The Limit of Insurance provision of the Auto Dealers Coverage Form provides, in relevant part:

**5. Limit Of Insurance – Covered Autos Liability**

For "accidents" resulting from the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" involving a covered "auto" is the Limit of Insurance for Covered "Autos" Liability Coverage shown in the Declarations.

* * * *

16. The Conditions provision of the Auto Dealers Coverage Form provides, in relevant part:

**SECTION IV – CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**B. General Conditions**

* * * *

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring;

* * * *

during the policy period shown in the Declarations and within the coverage territory.

* * * *

17. The Declarations of the Policy show a Policy Period of June 30, 2021, to June 30, 2022 and a Covered Autos Liability limit of $100,000.00.

18. The Conditions provision of the Auto Dealers Coverage Form further provides, in relevant part:

**A. Loss Conditions**

* * * *

**2. Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit", offense, "loss" or "act, error or omission", you must give us or our authorized representative prompt notice of the "accident", offense, "loss" or "act, error or omission". Include:

(1) How, when and where the "accident", offense, "loss" or "act, error or omission" occurred;

(2) What the "act, error or omission" was;

(3) The "insured's" name and address;

(4) To the extent possible, the names and addresses of:

(a) Any injured persons and witnesses; or

(b) Anyone who may suffer damages as a result of an "act, error or omission".

**b.** Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

(6) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the "insured" because of an "act, error or omission" to which this insurance may also apply.

* * * *

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under any liability coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

* * * *

**FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT**

**AS TO DUTY TO DEFEND**

19. Hallmark incorporates by reference paragraphs 1 through 19 of this Complaint as if set forth fully herein.

20. An actual controversy has arisen between Hallmark and A&A concerning whether Hallmark owes a duty to defend A&A in the Underlying Lawsuit.

21. Based upon the foregoing facts and Policy language, Hallmark contends that it has no duty under the Policy to defend A&A in the Underlying Lawsuit because (i) the bodily injury alleged in the Underlying Lawsuit did not occur during the Policy period, and (ii) A&A failed to satisfy the conditions precedent to coverage under the Policy by, among other things, failing to provide Hallmark with prompt notice of the Accident or the Underlying Lawsuit as required by the Policy.

22. Hallmark believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions, and other provisions in the Policy as defenses to any claims of coverage by A&A.

23. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Hallmark and Defendant A&A. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO DUTY TO INDEMNIFY

24. Hallmark incorporates by reference paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25. An actual controversy has arisen between Hallmark and A&A concerning whether Hallmark owes a duty to indemnify A&A for any judgment or settlement arising from the claims asserted in the Underlying Lawsuit.

26. Based upon the foregoing facts and Policy language, Hallmark contends that it has no duty under the Policy to indemnify A&A for any judgment or settlement arising from the claims asserted in the Underlying Lawsuit because (i) the bodily injury alleged in the Underlying Lawsuit did not occur during the Policy period, and (ii) A&A failed to satisfy the conditions precedent to coverage under the Policy by, among other things, failing to provide Hallmark with prompt notice of the Accident or the Underlying Lawsuit as required by the Policy.

27. Hallmark believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions, and other provisions in the Policy as defenses to any claims of coverage by A&A.

28. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Hallmark and Defendant A&A. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff Hallmark respectfully requests that this Court assume jurisdiction over this cause and enter a declaratory judgment against Defendant A&A as follows:

a. That Plaintiff Hallmark has no duty under the Policy to defend Defendant A&A in the Underlying Lawsuit;

b. That Plaintiff Hallmark has no duty under the Policy to indemnify Defendant A&A for any judgment or settlement arising from the claims asserted in the Underlying Lawsuit;

c. That Plaintiff Hallmark be awarded all costs of court and its reasonable and necessary attorneys' fees associated with the prosecution of this action; and

d. That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted this 22nd day of September, 2026.

/s/ *John W. Johnson*
John W. Johnson (JOH183)

CHRISTIAN & SMALL
505 20th Street North, Suite 1800
Birmingham, AL 35203
Telephone: 205-795-6588
Email: jwjohnson@csattorneys.com

Please serve the Defendants at the following addresses:

A&A AUTO IMPORTS, LLC
C/O MARCUS ALLEN, REGISTERED AGENT
612 COLLIER STREET
DOTHAN, AL 36301